Sutliff, J.
The only authority possessed by the trustees to negotiate a purchase of a cemetery, and issue orders binding upon the township, is derived from the foregoing statute.
The 29th section, taken by itself, would seem to have invested them with all the authority which they have assumed to exercise, by their purchase, and issuing of township orders. And, doubtless, the trustees regarded that section as containing the only provisions of the statute conferring upon them power to act in the premises, and to which they ought to have reference in making the purchase. Indeed, it is claimed by their counsel, that the object of the statute was to give the trustees of a township absolute and unconditional power to make the purchase in their own discretion, and that section 30 has only respect to the levying a tax for the payment thereof.
It is true, section 30 only requires that a vote of the township shall be duly taken before any assessment shall be made, for the purpose of the purchase and improvement of such cemetery or burying ground; but we think a rea *567 sonable construction of the two sections, requires the provisions of section 30 to be regarded as preliminary to the exercise of the powers conferred by the 29th section. It is a familiar rule of construction, applicable to all statutes, that each of their provisions should, if practicable, be so construed as to give reasonable effect to all their provisions. Ut res magis valeat, quam pereat.
Upon looking at the provisions of section 29, it is seen that it not only empowers the trustees to make a purchase and improvements, but also provides the means, by authorizing them to levy and assess a tax for such objects. But section 30 provides, expressly, that such means shall only be used upon permission to that effect being first given by the township, to be expressed by a majority vote, at an election previously held, upon notice duly given. Nor can it make any difference that the provisions of section 30 are in a distinct and subsequent section from those of section 29. The provisions of section 30 are entitled to the same respect in qualifying those of section 29 that they would, be entitled to if they preceded them, or were all incorporated in one section.
But if such transposition were made of the provision for an election and vote, contained in section 30, there would be no difference of opinion, I apprehend, as to the fact of the election and vote being conditions precedent 'to the exercise, by the trustees, of the powers conferred by section 29. By giving full effect to the provisions of both sections, then, as required by a reasonable rule of construction, the provisions of the statute under which the trustees acted, and the authority given to them by the sections taken together, amount only to this, that the trustees should have power to raise a sufficient amount of money, by tax to be levied upon the property of the township for the purpose, to purchase and improve a cemetery or burying ground for the township, provided, that upon an election first held for that purpose, a majority of the voters should vote in favor of levying such tax.
*568 But it is objected to the sufficiency of the petition, that section 30, in requiring a vote, is in conflict with section 26, of article 2, of the constitution of the state, providing that no act, except such as relates to public schools, shall be passed to take effect upon the approval of any other authority than the general assembly, except as otherwise provided in the constitution. It does not, however, appear that the provision of section 30 is, either in its letter or spirit, within that provision of the constitution. The provision of the statute is not that the act shall take effect upon authority of the township. The vote of the township is rather to be regarded as a condition precedent, or a request to the trustees to proceed under the provisions of the statute, already made operative as a law by the general assembly. It differs in effect nothing from what it would be, if the law had contained any other condition precedent, upon which, by its provisions, the authority of the trustees depended. If the law contained a provision, instead of the one expressed by section 30, that the trustees should not proceed to levy any tax, or make any purchase, under said statute, until the population of the township should amount to'a specified number, or until requested by a certain number of tax payers, it certainly could not properly be said that the law thereby took effect upon the authority of the township, or upon any other authority than that of the general assembly.
It is, therefore, evident that the contract of purchase, and the resolution for the issuing of township orders, on the part of the trustees, have not been in accordance with the provisions of the statute. And their authority being derivable solely from the statute, the trustees would only be clothed with authority when their acts were strictly within its provisions. The condition precedent to their being invested with the authority under which they acted, not having been performed, it is evident that the trustees had ¿o more acquired such authority, by virtue of the statute, than they would have done if the statute had *569 provided that after a specified day the trustees should have such authority, and they had assumed to exercise the authority previous to the time so specified by the statute. Neither the purchase of the land nor the issuing of the orders was, therefore, authorized by the statute, at the time the purchase was made and the orders were issued, and they are not, therefore, obligatory upon the township.
It is urged, however, that even if the contract of purchase, so made by the trustees, and the township orders so issued, be unauthorized by the statute, still the petition should be dismissed, upon the ground that the application for relief is premature and unnecessary. It is said that the facts set forth in the petition, if sufficient to entitle the township to'any relief, could be made available in defense whenever suit shall be instituted upon the contract or orders. We do not think this obj ection to the petition well founded in law or reason. It is not a cause for demurrer, nor is it a reasonable objection, if the plaintiffs have a good cause for relief, that they are too prompt, rather than remiss, in the application for relief.
We think the petition shows a state of facts sufficient to constitute a good cause for relief. The demurrer must, therefore, be overruled, and the case remanded for further proceedings.
Swan, C. J., and Brinkerhoee and Scott, JJ., concurred.
This case was decided before Peck, J., came on to the bench, but the decision was announced afterward.